DAMOORGIAN, J.
Robert McLeod timely appeals the final summary judgment in favor of Marvin Adam Bankier, Eric Christu, and Elk Bankier Christu, P.A. (collectively “Elk Bankier”). We affirm because, as a matter of law, the trial court correctly determined that the applicable statute of limitations had expired before McLeod brought suit for legal malpractice against his former attorneys.
The following recitation constitutes the undisputed material facts upon which the trial court relied in reaching its conclusion. In 1998, McLeod hired attorney Thomas Tew to represent him in a claim against Fidelity Investments (“Fidelity”) for executing a wrongful margin call on his securities account, which resulted in the liquidation of his account. That case was ultimately settled, and the settlement agreement contained a general release in favor of Fidelity. Although not set forth in the settlement agreement, it was McLeod’s understanding that his account balance would be restored to the status quo ante. When that did not occur, he began to express concerns to Tew that Fidelity had not returned the funds to his account. The funds were never returned, and, in March of 2000, Tew severed his representation of McLeod.
In December 2002, McLeod hired Elk Bankier to file a claim against Fidelity through the National Association of Securities Dealers (“NASD”). McLeod did not retain Elk Bankier to pursue a legal malpractice claim against Tew. Elk Bankier filed McLeod’s claim through the NASD’s arbitration process. In November 2003, the arbitration panel ruled in favor of Fidelity and against McLeod, dismissing McLeod’s claim. Thereafter, Elk Bankier raised the possibility of McLeod suing Tew on a theory of professional negligence based on Tew’s recommendation that McLeod sign the settlement agreement with Fidelity. The firm referred McLeod to another attorney who specialized in legal malpractice. That attorney advised McLeod that he had no valid claim against his former legal counsel. In February 2004, Elk Bankier ceased to represent McLeod.
*860 In 2004, McLeod sought the legal services of attorney William Isenberg to continue pursuing his claim against Fidelity. Attorney Isenberg recommended pursuing a legal malpractice claim against Tew rather than pursuing an appeal of the NASD arbitration panel’s ruling. McLeod ignored attorney Isenberg’s advice and took no action against any of his former attorneys until his filing of the malpractice action against Elk Bankier in January of 2008.
In his complaint, McLeod alleged that Elk Bankier negligently allowed the two-year statute of limitations to expire on his legal malpractice claim against Tew. In its motion for summary judgment, Elk Bankier argued, among other things, that the two-year statute of limitations on McLeod’s claim against Tew began to run on the date Tew terminated his relationship with McLeod (2000), but certainly no later than the date of the adverse NASD arbitration decision (2003). Accordingly, even under the most liberal application of the facts, McLeod had until November of 2005 to file an action against Tew.
Our standard of review on orders granting summary judgment is de novo. Furtado v. Yun Chung Law, 51 So.3d 1269, 1273 (Fla. 4th DCA 2011). Summary judgment should be granted ‘ “only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.’ ” Id. at 1274 (quoting Cohen v. Arvin, 878 So.2d 403, 405 (Fla. 4th DCA 2004)).
The statute of limitations governing legal malpractice actions is section 95.11(4)(a), Florida Statutes (2008). See Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323, 1325 (Fla.1990). Section 95.11(4)(a), provides in pertinent part:
(4) WITHIN TWO YEARS.—
(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence.
For purposes of determining when the limitations period begins to run, section 95.031(1), Florida Statutes (2008), provides that “[a] cause of action accrues when the last element constituting the cause of action occurs.”
A legal malpractice action has three elements: 1) the attorney’s employment; 2) the attorney’s neglect of a reasonable duty; and 3) the attorney’s negligence as the proximate cause of loss to the client. Law Office of David J. Stern, P.A. v. Sec. Natl. Servicing Corp., 969 So.2d 962, 966 (Fla.2007) (citing Kates v. Robinson, 786 So.2d 61, 64 (Fla. 4th DCA 2001)).
The Florida Supreme Court recognized that “[gjenerally, a cause of action for negligence does not accrue until the existence of a redressable harm or injury has been established and the injured party knows or should know of either the injury or the negligent act.” Peat, Marwick, 565 So.2d at 1325; Glucksman v. Persol N. Am., Inc., 813 So.2d 122, 125 (Fla. 4th DCA 2002).
This case presents three possible scenarios, any one of which results in McLeod’s claim for legal malpractice against Elk Bankier being barred. Under the first scenario, if the claim against Tew accrued at the point when he advised McLeod he was no longer going to represent him (March 2000), then McLeod had two years from that date to sue Tew (March 2002). McLeod did not retain Elk Bankier until December 2002, which was beyond the two-year statute of limitations period. Fla. Stat. § 95.11(4)(a) (2008). Therefore, no malpractice claim against *861 Elk Bankier for failure to file an action against Tew can be shown as a matter of law.
Under the second scenario, the limitations period to file an action against Tew potentially began to run in 2003 when the NASD decision became final. Under this scenario, McLeod would have had until 2005 to sue Tew, and, in fact, he was advised of his potential claim against Tew by at least two attorneys before the expiration of the limitations period in 2005. As such, any action against Elk Bankier based on its failure to commence a proceeding against Tew would have expired in 2007. McLeod did not file his action until 2008.
Finally, even if one assumes that Elk Bankier had an obligation to advise McLeod of his potential malpractice claim against Tew, despite the fact that the firm was retained solely to pursue a claim against Fidelity, McLeod’s action against Elk Bankier accrued no later than 2004, which is the latest date that McLeod was definitively advised of the potential claim against Tew. McLeod did not commence his action against Elk Bankier until almost four years later, well beyond the two-year limitations period when he knew or should have known of his claims against his former attorneys.

Affirmed.

MAY and LEVINE, JJ., concur.