POLEN, J.
Appellants, Rodger and Lina Duke (“the Dukes”), appeal the trial court’s order granting final summary judgment of foreclosure in favor of appellee, HSBC Mortgage Services, Inc. (“HSBC”). We reverse the trial court’s order and hold that the record reflected genuine issues of material fact, making summary judgment improper.
In May 2009, appellee, HSBC, brought an action against appellants, the Dukes, to foreclose on a mortgage on real property in Palm Beach County, Florida. The mortgage, as attached to the complaint, showed that the “borrower” was the Dukes and the “lender” was First NLC Financial Services, LLC (“First NLC”). The mortgage further showed that Mortgage Electronic Registration Systems, Inc. (“MERS”) “is a separate corporation that is acting solely as a nominee for Lender and Lender’s successors and assigns.” HSBC’s complaint indicated that the mortgage was assigned to it, and that it was the rightful owner and holder of the note and mortgage. The Dukes alleged that HSBC did not attach an assignment of mortgage to their complaint; however, a notice of assignment was filed with the court on August 26, 2009, with a copy of the assignment dated June 1, 2009, attached. HSBC alleged that the original note and mortgage had been lost and were not in HSBC’s custody or control.
On July 10, 2009, and July 17, 2009, the Dukes were served by publication in the Palm Beach Daily Business Review. When the Dukes failed to respond to the service by publication, HSBC moved for default. On the same date as the motion for default, HSBC also moved for summary judgment as to “the existence of a valid mortgage and promissory note and [HSBC’s] right to a Judgment of Foreclosure.” On September 11, 2009, the Dukes filed a motion for additional time to file a response to the foreclosure complaint. Shortly thereafter, on September 30, 2009, default was entered against the Dukes. In November of 2009, an agreed order on motion for additional time to file response was entered, allowing the Dukes to file their response to the foreclosure complaint on or before November 12, 2009.
On November 18, 2009, a hearing was held on HSBC’s motion for summary judgment. At the hearing, the original note *780 was unable to be located. The Dukes argued that the original note did not contain any endorsements proving that the note and mortgage were assigned to HSBC, thus summary judgment should not be granted because of an issue of material fact precluding such a determination. However, the trial court entered final summary judgment of foreclosure on November 18, 2009, and set a sale date of December 21, 2009. This appeal followed.
The standard of review on an order “granting summary judgment is de novo.” McLeod v. Bankier, 63 So.3d 858, 860 (Fla. 4th DCA 2011). Summary judgment is granted only when no genuine issues of material fact exist and the party moving for summary judgment is, as a matter of law, entitled to judgment. Id. Florida Rule of Civil Procedure 1.510(c) governs summary judgment motions and proceedings. The rule states, in relevant part:
The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence (“summary judgment evidence”) on which the movant relies. The movant shall serve the motion at least 20 days before the time fixed for the hearing, and shall also serve at that time a copy of any summary judgment evidence on which the movant relies that has not already been filed with the court.... The judgment sought shall be rendered forthwith if the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
Fla. R. Civ. P. 1.510(c).
The Dukes argued that at the time the foreclosure complaint was filed, the mortgage was held by First NLC, not appellee, HSBC. In its complaint, HSBC alleged it owned and held the note and mortgage at the time the complaint was filed. “When exhibits are attached to a complaint, the contents of the exhibits control over the allegations of the complaint.” BAC Funding Consortium Inc. v. Jean-Jacques, 28 So.3d 936, 938 (Fla. 2d DCA 2010). Here, HSBC alleged in its complaint that it “now owns and holds the Note and Mortgage,” but an assignment was not attached to the complaint, supporting HSBC’s position. Instead, the mortgage attached to the complaint showed First NLC as the lender, creating discrepancies between the complaint and the attached exhibit. Thus, at the time of the argument on the summary judgment motion, genuine issues of material fact existed as to whether HSBC was the proper owner and holder of the note and mortgage where First NLC was named on the mortgage and evidence of an assignment was not included.
We therefore reverse the trial court’s order granting summary judgment because genuine issues of material fact remain in dispute regarding the owner and holder of the note and mortgage at the time the complaint was filed.

Reversed.