GERBER, J.
The plaintiff appeals from the circuit court’s final order granting the city’s motion to dismiss his fourth amended complaint with prejudice and denying his motion for leave to amend the fourth amended complaint. The plaintiff argues the court violated his due process rights by raising the statute of limitations as the basis for its order when the city never alleged a statute of limitations defense. The plaintiff also argues the court erred in denying his motion for leave to amend because the amendment could have cured the statute of limitations issue and thus would not have been futile. We agree with both arguments and reverse.
In September 2011, the plaintiff filed a complaint against the city’s current and former police chiefs, several city police officers, and a DEA agent. In July 2012, the plaintiff filed his fourth amended complaint, which added the city as a defendant. For purposes of our review, we must accept the fourth amended complaint’s allegations as true. See Edwards v. Landsman, 51 So.3d 1208, 1213 (Fla. 4th DCA 2011) (“In reviewing an order granting a motion to dismiss ... [a] court may not go beyond the four corners of the complaint and must accept the facts alleged therein and exhibits attached as true.”) (internal quotations and citations omitted). The fourth amended complaint alleged the following:
15. On June 8, 2001, plaintiff was arrested by officers of the West Palm Beach Police Department. Upon his arrest, plaintiffs property was seized ... and ... subsequently turned over to [the DEA agent].
*1073 16. Beginning in 2005 plaintiff sued [the DEA agent] for the return of the property. In 2006 [the DEA agent] submitted a sworn affidavit to the U.S. District Court stating that he had given the disputed property to plaintiffs attorney. [The DEA agent] lied to the Court. [The DEA agent] never gave plaintiffs attorney the property.
17. . . .
18. In 2006 plaintiff initiated another suit against [the DEA agent] for damages relating to the property. During litigation in September 2009, [the DEA agent and the city police officers] submitted sworn declarations along with documents stating that the disputed property was either donated or destroyed in February or May 2002.
19. The sworn declarations and documentation are perjurious statements and fabricated documents because the disputed property was in plaintiffs December 2-20, 2002 federal trial as potential evidence. So, it is impossible that the property was donated or destroyed in February or May 2002.
20. The defendants have committed wrongful, unauthorized acts or omissions which have permanently deprived the plaintiff of his property.
21. Plaintiff had a right of possession of the property.
22. The unlawful conversion of the property has been fraudulently concealed and the actions of the defendants were in bad faith or with willful or malicious purpose or in a manner exhibiting willful disregard of human rights, safety or property.
23. To the extent that the property was wrongfully converted, a conversion in law has transpired.
24. To the extent that the disputed property was donated or destroyed, the defendants are guilty of negligence ....
25.The City of West Palm Beach and the Chief and Ex-Chief(s) of the West Palm Beach Police Department are liable for the actions, inactions, errors and omissions of [i]ts employees.
The plaintiffs Count I alleged: “The defendants have permanently deprived the plaintiff of his personal property committing the tort of Conversion.” The plaintiffs Count II alleged: “To the extent that the property was destroyed or donated, the defendants are guilty of ... Negligence .... ”
One of the officers filed a motion to dismiss the fourth amended complaint. The officer argued, among other things, that he was immune from suit and that the statute of limitations barred the plaintiffs claim.
The city then moved to dismiss the fourth amended complaint. The city argued that the plaintiff failed to state causes of action for conversion and negligence. The city did not argue that the statute of limitations barred the plaintiffs claims.
The circuit court granted the officer’s motion to dismiss. The court also entered an agreed order dismissing the remaining individual defendants, thus leaving the city as the only defendant.
The plaintiff then filed a motion for leave to amend the fourth amended complaint as to the city. In the motion, the plaintiff sought to drop his conversion claim and supplement his negligence claim.
The circuit court later entered an order granting the city’s motion to dismiss with prejudice and denying the plaintiffs motion for leave to amend. The circuit court’s order states: “Plaintiffs causes of action are barred by the statue (sic) of limitations.” The circuit court reasoned, in pertinent part, as follows:
*1074 [I]n reviewing Plaintiff’s own submissions, it is clear that that he first learned of the facts which would support his cause of action when the government responded to his July 1, 2005 Motion for Return of Property.... Additionally, in 2005 and 2006, Plaintiff filed complaints in federal court concerning the same property.... Plaintiff filed the present action on September 7, 2011, more than six (6) years after discovering facts giving rise to his cause of action and more than four (4) years after filing suit in federal court concerning the same property.
This reasoning is nearly identical to language contained in the court’s order granting the officer’s motion to dismiss on statute of limitations grounds.
The plaintiff filed a motion for reconsideration. In the motion, the plaintiff argued that the city had not alleged a statute of limitations defense. The plaintiff also argued that the statute of limitations did not bar his claim because he allegedly did not learn until September 2008 that the city’s police department allegedly disposed of his property. The court denied the motion.
This appeal followed. The plaintiff raises two arguments. First, the plaintiff argues the court violated his due process rights by raising the statute of limitations as the basis for its order when the city had not alleged a statute of limitations defense. Second, the plaintiff argues that his motion for leave to amend would not have been futile in light of his allegation that he did not learn until September 2008 that the city’s police department allegedly disposed of his property.
As to that portion of the order granting the city’s motion to dismiss with prejudice, our review is de novo. See Edwards, 51 So.3d at 1213 (“A trial court’s order granting a motion to dismiss is reviewed de novo.”); Fox v. Madsen, 12 So.3d 1261, 1262 (Fla. 4th DCA 2009) (“A legal issue surrounding a statute of limitations question is an issue of law subject to de novo review.”) (citation and quotations omitted). As to that portion of the order denying the plaintiffs motion for leave to amend, we review for an abuse of discretion. See Cousins Rest. Assocs. ex rel. Cousins Mgmt. Corp. v. TGI Friday's, Inc., 843 So.2d 980, 982 (Fla. 4th DCA 2003) (“Trial courts’ decisions on motions for leave to amend are reviewed under an abuse of discretion standard. Leave to amend should not be denied unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile.”) (internal citations and quotations omitted).
 We agree with the plaintiffs arguments. First, as to the due process argument, the plaintiff is correct that the city never raised a statute of limitations defense, and thus the dismissal of his action on that ground violates his due process rights. See GMAC Mortg., LLC v. Choengkroy, 98 So.3d 781, 782 (Fla. 4th DCA 2012) (“[A] trial judge may not sua sponte dismiss an action based on affirmative defenses not raised by proper pleadings[,] as a dismissal under these circumstances denies the parties due process because the claim is being dismissed without notice and an opportunity for the parties and counsel to be heard.”) (citations and internal quotations omitted).
Second, as to the amendment argument, the plaintiff is correct that his motion for leave to amend would not have been futile in light of his allegation that he did not learn until September 2008 that the city’s police department allegedly disposed of his property. The statute of limitations on a negligence claim is four years. § 95.11(3)(a), Fla. Stat. (2011). A negligence claim does not accrue until the existence of a redressable harm or injury has been established and “the injured party *1075 knows or should know of either the injury or the negligent act.” McLeod v. Bankier, 63 So.3d 858, 860 (Fla. 4th DCA 2011) (citations and quotations omitted). Here, although the plaintiff sought return of his property as early as 2005, he alleges that, because of the DEA agent’s allegedly false affidavit and declaration, he did not learn until September 2008 that the city’s police department allegedly disposed of his property. He filed his claim against the city in July 2012, which was within the four-year limitations period. Thus, the plaintiffs motion for leave to amend would not have been futile.
Based on the foregoing, we reverse the circuit court’s order granting the city’s motion to dismiss with prejudice and denying the plaintiffs motion for leave to amend. Upon the filing of the plaintiffs fifth amended complaint, the city is not precluded from renewing its motion to dismiss on the ground that the plaintiff has failed to state a cause of action, as the circuit court did not address that argument in its order dismissing the plaintiffs fourth amended complaint.

Reversed and remanded for proceedings consistent with this opinion.

DAMOORGIAN, C.J., and CONNER, JJ., concur.