[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14782
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00154-RV-CJK


LEHMAN BROTHERS HOLDINGS INC,

                                                        Plaintiff-Appellant,

versus

B G PHILLIPS,
a.k.a. Barbara Gayle Phillips,
TRISTATE APPRAISERS, LLC,

                                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 23, 2014)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

In this appeal, we must determine whether the district court properly found that Lehman Brothers Holdings Inc. (LBHI)'s negligence action was barred by the statute of limitations. Because we conclude the complaint was untimely, we affirm.

I.

In March 2006, Barbara Phillips conducted an appraisal of real property in Panama City, Florida. This appraisal, valuing the property at $1.2 million, was then used to secure two mortgage loans – the first in the amount of $960,000 and the second in the amount of $120,000. These two loans were then sold on the secondary market to Lehman Brothers Bank, a subsidiary of LBHI, and then to LBHI in May 2006. LBHI, in turn, sold the first mortgage to SASCO and the second mortgage to CitiMortgage.

On July 12, 2007, CitiMortgage contacted LBHI and demanded it repurchase the loan, per the terms of an agreement between the two companies, after CitiMortgage discovered a misrepresentation of the owners' debt. Thereafter, on September 11 and October 24, 2007, Aurora Loan Services (ALS), one of LBHI's subsidiaries, conducted two internal appraisal reviews. In each review, ALS determined that the property was overvalued and was actually worth about $750,000. LBHI repurchased the second mortgage on November 7, 2007, and the first mortgage on December 19, 2007. On February 28, 2008, ALS prepared an

2

Equity Analysis, which valued the property at $ 625,000.  LBHI ultimately wrote off the second mortgage as a total loss.  It sold the first mortgage on May 30, 2008, for $364,765.14.

On March 30, 2012, LBHI filed a three-count complaint alleging negligence, negligent misrepresentation, and negligence per se against Phillips and Tristate Appraisers, LLC (collectively Phillips), in connection with the alleged misrepresentation in the value of the property.[1]  Phillips moved for summary judgment on the ground that the complaint was barred by Florida's four-year statute of limitations, Fla. Stat. § 95.11(3).[2]  According to Phillips, even though the specific amount of damages was unknown at the time, LBHI had notice of the right of action no later than December 19, 2007, the date on which it repurchased the first mortgage, more than four years before it filed the complaint.

The district court granted summary judgment, finding that the four-year statute of limitations began to run no later than December 19, 2007, when LBHI repurchased the first mortgage, because it would have been aware of the alleged misrepresentation by that date.  The court explained that under Florida law, the "discovery rule" applied, and the limitations period began when the injury was sustained.  The court further explained that, even though the amount of damages

---

[1]  The district court had jurisdiction over this diversity action under 28 U.S.C. § 1332.
[2]   Phillips also argued that LBHI's claims failed because it could not show that it relied on the alleged misrepresentation.  The district court did not address this issue because it found the statute of limitations argument persuasive.

3

was uncertain until LBHI resold the loan at a loss, there was an injury in the loss of the time value of money as of December 19, 2007.  LBHI now appeals.

## II.

We review *de novo* the district court's grant of summary judgment. *Robinson v. Tyson Foods, Inc.,* 595 F.3d 1269, 1273 (11th Cir. 2010).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "We draw all factual inferences in a light most favorable to the nonmoving party." *Shiver v. Chertoff,* 549 F.3d 1342, 1343 (11th Cir. 2008).  In a diversity action such as this, we apply the state's substantive law.  *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000).  We review the district court's interpretation of state law in a diversity case *de novo*.  *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007).

## III.

LBHI argues that the district court erred by concluding that the limitations period began to run no later than the date on which it repurchased the first mortgage.  It contends that no Florida court has addressed the damages issue when the claim involved negligent real estate appraisals.  Turning to case law from other jurisdictions, LBHI asserts that the limitations period should begin when the amount of damage is known, that is, when LBHI actually sustained the financial

4

loss by selling the loan, because prior to that date any amount of damage was speculative. Finally, LBHI contends that the district court's reasoning creates bad public policy by requiring parties to sue based on speculative damages that may never materialize.

Under Florida law, the statute of limitations for negligence actions is four years. *See* Fla. Stat. § 95.11(3). "A cause of action accrues when the last element constituting the cause of action occurs." *Id.* § 95.031(1). The last element of a cause of action based on negligence is actual loss or damage. *Clay Elec. Coop., Inc. v. Johnson*, 873 So.2d 1182, 1185 (Fla. 2003). Although "the mere possibility of damage at a later date" is insufficient to commence the limitations period, once damage occurs, the fact that the exact amount of damages is uncertain will not stop the limitations clock from running. *Kellermeyer v. Miller*, 427 So.2d 343, 346-47 (Fla. Dist. Ct. App. 1983). As the Florida Supreme Court explained:

> The general rule, of course, is that where an injury, although slight, is sustained in consequence of the wrongful act of another, and the law affords a remedy therefor, the statute of limitations attaches at once. It is not material that all the damages resulting from the act shall have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date.

*City of Miami v. Brooks*, 70 So.2d 306, 308 (Fla. 1954).

We agree with the district court that Florida's long-standing "discovery rule" dictates the conclusion that LBHI's complaint was untimely. LBHI knew or

5

should have known no later than December 19, 2007, that the appraisal on the first mortgage misrepresented the value of the property.  At that time, when LBHI repurchased the first mortgage, it sustained at least a slight injury in the loss of its investment, even if the exact amount of damage would not be known until LBHI resold the loan or otherwise disposed of the investment.  The fact that the "exact amount of []damages might not have been foreseen at that time . . . is not the test." *Kellermeyer*, 427 So.2d at 346.  Rather, at the moment LBHI repurchased the first mortgage, it knew it had sustained damages and "a redressable harm or injury" ha[d] been established."  *Phillips v. City of West Palm Beach*, 133 So.3d 1071, 1074-75 (Fla. Dist. Ct. App. 2014) (quoting *McLeod v. Bankier*, 63 So.3d 858, 860 (Fla. Dist. Ct. App. 2011)).

LBHI's reliance on case law from other jurisdictions is unavailing.  We are bound by Florida's "discovery rule," *Brooks*, 70 So.2d at 308, and see no need to create a separate rule for negligence in property appraisals.[3]

Nor does our ruling uphold a bad public policy.  As the Florida courts have explained:

> The primary purpose of a statute of limitations is to compel the
> exercise of a right of action within a reasonable time so that the

---

[3]  Even if we considered case law from other jurisdictions, we would agree with the reasoning in *Vision Mortgage Corp., Inc. v. Patricia J. Chiapperini, Inc.*, 722 A.2d 527, 585-86 (N.J. 1999) (applying "discovery rule" and concluding that "the accrual of a cause of action should not await the sale of the mortgaged properties, but rather that the cause of action should accrue when the mortgagee knows or has reason to know that its collateral has been impaired or endangered by the negligent appraisal. At that time, the mortgagee knows that it has suffered legal injury.").

opposing party has a fair opportunity to defend. This purpose is predicated on public policy, and statutes of limitations are designed to encourage plaintiffs to assert their causes of action with reasonable diligence, while the evidence is fresh and available, to protect defendants from unfair surprise and stale claims.

*Estate of Eisen v. Philip Morris USA, Inc.*, 126 So.3d 323, 328 (Fla. Dist. Ct. App. 2013) (internal citation omitted).   If we were to adopt LBHI's argument, the statute of limitations would be completely dependent on an indefinite date entirely within LBHI's control.  This would run afoul of the purpose of the limitations period and subject defendants to unfair surprise, stale claims, destruction of evidence, and the forgetfulness of witnesses.

IV.

For the foregoing reasons, we conclude that LBHI's complaint, filed in 2012, was untimely under Florida's four-year statute of limitations. Accordingly, we affirm the district court's order granting summary judgment.

**AFFIRMED.**