DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM O'MALLEY,**
Appellant,

v.

**BRIAN FREEMAN, ESQ.,** and **THE FREEMAN LAW FIRM, P.A.,**
Appellees.

No. 4D17-1500

[April 4, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David E. French, Judge; L.T. Case No. 50-2010-CA-003492 XXXX MB AJ.

Steven R. Browning and Xavier T. Saunders of Spohrer & Dodd, P.L., Jacksonville, for appellant.

Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for appellees.

PER CURIAM.

Appellant William O'Malley appeals an order awarding Appellees Brian Freeman and the Freeman law firm $83,379.47 in attorney's fees and costs for work performed by Freeman as attorney for Appellant on a contingency fee basis. We reverse the award because the trial court erred in finding the parties had an enforceable agreement. However, as services were performed by Freeman and a benefit was received by Appellant, the trial court may award Freeman fees and costs on a quantum meruit basis. As such, we remand this issue to the trial court, with the measure of fees to be calculated utilizing the analysis discussed in *Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz*, 652 So. 2d 366 (Fla. 1995).

**Background**

Appellant was in a car wreck leaving him in a coma for months. During this period, his mother signed a personal injury contingency fee contract as "personal representative of the estate of William O'Malley." However, Appellant had not executed a power of attorney, had not been declared

legally incompetent, and had not been appointed a legal guardian. Soon after waking, he signed a document giving his mother power of attorney. Appellant's mother later testified that he was "totally incapacitated at that time."

Freeman claimed that he had several phone conversations with Appellant and that Appellant knew Freeman had filed suit on his behalf. Appellant later terminated the representation without explanation. Freeman never claimed to have shown the fee agreement to Appellant or otherwise attempted to have him ratify it.

The trial court found that Appellant ratified the fee agreement signed by his mother and that the "times and fees submitted by Freeman [we]re fair and reasonable for like services within the community." The trial court made an oral ruling as well, noting that Freeman's work "probably would have been of great benefit if there had been better communication but under the circumstances it's unjust for someone . . . to work on a case and . . . get discharged without any real explanation." The court awarded the sum Freeman sought, minus the work performed after his discharge.

**Analysis**

To the extent that a trial court's order on attorney's fees is based on an interpretation of the law, we have de novo review. *Ferere v. Shure*, 65 So. 3d 1141, 1144 (Fla. 4th DCA 2011). Otherwise, particularly with respect to the amount of the award, the standard of review is abuse of discretion. *Hinkley v. Gould, Cooksey, Fennell, O'Neill, Marine, Carter & Hafner, P.A.*, 971 So. 2d 955, 956 (Fla. 5th DCA 2007).

> Every lawyer who accepts a retainer or enters into an agreement, express or implied, for compensation for services rendered or to be rendered in any action, claim, or proceeding whereby the lawyer's compensation is to be dependent or contingent in whole or in part upon the successful prosecution or settlement thereof shall do so only where such fee arrangement is reduced to a written contract, *signed by the client*, and by a lawyer for the lawyer or for the law firm representing the client. *No lawyer or firm may participate in the fee without the consent of the client in writing.* Each participating lawyer or law firm shall sign the contract with the client and shall agree to assume joint legal responsibility to the client for the performance of the services in question as if each were partners of the other lawyer or law firm involved. The client shall be furnished with a copy of the signed contract

2

and any subsequent notices or consents.  All provisions of this rule shall apply to such fee contracts.

R. Regulating Fla. Bar 4-1.5(f)(2) (emphases added).

The trial court erred in finding that Appellant ratified the contingent fee agreement.  There was no testimony—let alone competent substantial evidence—that he saw the written contingent fee agreement, nor that he signed it, as required by the Bar Rule.  Contingent fee agreements that do not comply with the regulations are "void as against the public interest." *Chandris, S.A. v. Yanakakis*, 668 So. 2d 180, 181 (Fla. 1995); *see also Bakos v. Bakos*, 950 So. 2d 1257, 1259-60 (Fla. 2d DCA 2007) (noting that a void contract cannot be ratified).

Even if the agreement at issue here was merely voidable, Appellant did not ratify the agreement.  Any finding below of ratification by Appellant's post-coma communications with Freeman was erroneous.  A promise to honor a contingent fee contract after competency is restored may suffice for ratification, but the promise must be "positive and explicit. . . .  A mere acknowledgment is not sufficient."  *Lee v. Thompson*, 168 So. 848, 850 (Fla. 1936).  Freeman has not argued that Appellant was ever given a copy of the Personal Injury Contingency Fee Contract or had its terms explained to him, let alone signed an agreement with Freeman providing for retroactive application.  In fact, there is no evidence that Appellant had knowledge of the details of the contingent fee agreement signed by his mother.  Thus, there is no basis to conclude that Appellant ratified the fee agreement.

Nevertheless, even without a valid agreement, Freeman could still recover on a quantum meruit basis.  *See Chandris*, 668 So. 2d at 186 n.4; *Lackey v. Bridgestone/Firestone, Inc.*, 855 So. 2d 1186, 1188 (Fla. 3d 2003) (citing footnote four in *Chandris* for the proposition that "[u]nder Florida law, an attorney who has no contingent fee agreement with a client is only entitled to recover on a quantum meruit basis.").  On remand, in calculating the proper amount of fees for work performed by Freeman prior to being discharged, the trial court must consider "the totality of the circumstances surrounding the professional relationship," taking "into account the actual value of the services to the client." *Poletz*, 652 So. 2d at 369 (first quoting *Rosenberg v. Levin*, 409 So. 2d 1016, 1022 (Fla. 1982)); *see also Santini v. Cleveland Clinic Fla.*, 65 So. 3d 22, 33 (Fla. 4th DCA 2011) (holding "the trial court erred as a matter of law by failing to consider the totality of the circumstances present in this case, instead considering only the time reasonably expended and the reasonable hourly rate for the services." (quoting *Poletz*, 652 So. 2d at 369)).

> The court must consider any other factors surrounding the professional relationship that would assist the court in fashioning an award that is fair to both the attorney and client. For example, the fee agreement itself, the reason the attorney was discharged, actions taken by the attorney or client before or after discharge, and the benefit actually conferred on the client may be relevant to that determination. The determination as to which factors are relevant in a given case, the weight to be given each factor and the ultimate determination as to the amount to be awarded are matters within the sound discretion of the trial court.

*Poletz*, 652 So. 2d at 369 (footnote omitted).

Among the factors that the trial court should take into account in this case are: (1) the lack of a ratified fee agreement; (2) the circumstances under which Freeman commenced legal services on behalf of Appellant, with an agreement signed by the mother of an incapacitated adult who had not signed a power of attorney agreement, and for whom time was of the essence in commencing a legal claim; and (3) the initial miscommunication between Freeman and Appellant's second set of attorneys as to the time and services expended by Freeman prior to his discharge, resulting in the new attorneys duplicating work that Freeman had already completed in the case. These factors are not exclusive and are in addition to consideration of the actual value of the services to the client.

## Conclusion

As set forth above, we reverse with respect to the trial court's determination that the fee agreement signed by Freeman and Appellant's mother had been ratified by Appellant. We remand for the trial court to conduct a *Poletz* "totality of the circumstances" analysis in determining Freeman's entitlement to a quantum meruit award and the specific calculation of such an award.

*Reversed and remanded.*

LEVINE, CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4