DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FONT & NELSON, PLLC,**
Appellant,

v.

**PATH MEDICAL, LLC, ROBERT LEWIN, EDWIN THARP, YOUNG, BERMAN, KARPF & GONZALEZ, P.A., ANDREW S. BERMAN, DAVIS GOLDMAN, PLLC, JASON GOLDMAN, NELSON MULLINS RILEY & SCARBOROUGH, LLP, RICHARDSON & TYNAN, PLC, KEVIN P. TYNAN, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY, GEICO CASUALTY COMPANY, RIVKIN RADLER LLP,** and **SMITH, GAMBRELL & RUSSELL, LLP,**
Appellees.

No. 4D19-3428

[April 21, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE19-008244 (08).

Jose P. Font of Font & Nelson, PLLC, Fort Lauderdale, for appellant.

Andrew S. Berman and Jamie L. Webner of Young, Berman, Karpf & Gonzalez, P.A., Miami, for appellees Path Medical, LLC, Robert Lewin, and Edwin Tharp.

Robert M. Klein, Andrew M. Feldman, and Alex A. Diaz of Klein Park & Lowe, P.L., Miami, for appellees Young, Berman, Karpf & Gonzalez, P.A., Andrew S. Berman, Davis Goldman, PLLC, and Jason Goldman.

Isaac J. Mitrani and Daniel S. Bitran of Mitrani, Rynor, Adasmky & Toland, P.A., Miami Beach, for appellees Nelson Mullins Riley & Scarborough, LLP.

Bruce Calderon and Barri Reisch of Milber Makris Plousadis & Seiden, LLP, Boca Raton, for appellees Richardson & Tynan, PLC and Kevin P. Tynan.

Marcy Levine Aldrich, Nancy A. Copperthwaite, and Bryan T. West of Akerman LLP, Miami, for appellees Government Employees Insurance Company, Geico Indemnity Company, Geico General Insurance Company, and Geico Casualty Company.

Clinton R. Losego of Gunster, Yoakley & Stewart, P.A., Miami, for appellees Rivkin Radler LLP, and Smith, Gambrell & Russell, LLP.

KLINGENSMITH, J.

Appellant Font & Nelson, PLLC ("the law firm") appeals the trial court's order dismissing its breach of contract claim against Path Medical, LLC ("the client") and its tortious interference claims filed against numerous other defendants, including the client's outside counsel and former principals, and GEICO, its various entities, and retained counsel (collectively "appellees"). For the reasons stated below, we affirm the trial court's dismissal of those claims.

The client, an affiliate of an accident referral service, sought to retain the law firm to represent them in an ongoing federal lawsuit involving thousands of claims for personal injury protection ("PIP") benefits that GEICO had deemed fraudulent and unpayable. To establish that relationship, the law firm sent a proposed contingent fee agreement to the client for its approval. The client responded by proposing edits to that draft contingent fee agreement and suggesting a conference to discuss remaining issues. Negotiations toward finalizing the terms of that agreement progressed by email but did not culminate in a signed agreement. Although the law firm admits that the client never signed the contingent fee agreement, it argues that the agreement was nevertheless fully memorialized and agreed to in the parties' email exchanges.

While the federal lawsuit was pending, the law firm filed notices of appearance in numerous individual county court lawsuits for PIP benefits against GEICO— allegedly under the client's direction. The client and GEICO eventually reached a confidential settlement agreement, and the federal district court dismissed all pending claims with prejudice. The law firm alleges that after it successfully negotiated this settlement agreement, appellees then dismissed the ancillary state court PIP lawsuits.

When the state cases were dismissed, the law firm filed its complaint against appellees. It asserted that appellees conspired to deprive the law firm of its contingency fee by dismissing those state court PIP lawsuits. The law firm further alleged that appellees also tortiously interfered with the law firm's contractual rights with the client. Appellees countered that the state court actions were appropriately dismissed because the client never signed the contingent fee agreement offered by the law firm, nor was there a meeting of the minds between the parties. Appellees also argued that there could be no tortious interference because the contingent fee agreement was unsigned.

After a hearing, the trial court dismissed the law firm's complaint with prejudice as to the breach of contract and tortious interference claims because it found there was no signed contingent fee agreement. The trial court allowed

the law firm leave to amend its complaint to reassert unjust enrichment claims,[1] which would not require a signed agreement. Instead of amending its complaint, the law firm appealed the trial court's order of dismissal in favor of appellees.

"A trial court's determination on a motion to dismiss is reviewed de novo." *Visor v. Buhl*, 760 So. 2d 274, 275 (Fla. 4th DCA 2000). "In considering a motion to dismiss for failure to state a cause of action, the court is limited to the four corners of the complaint, the allegations of which must be taken as true." *Habitat II Condo., Inc. v. Kerr*, 948 So. 2d 809, 811 (Fla. 4th DCA 2007).

"[A] contingent fee contract entered into by a member of The Florida Bar must comply with the rule governing contingent fees in order to be enforceable." *Harmon Parker, P.A. v. Santek Mgmt., LLC*, 311 So. 3d 213, 217 (Fla. 2d DCA 2020) (alteration in original) (quoting *Chandris S.A. v. Yanakakis*, 668 So. 2d 180, 185-86 (Fla. 1995)). According to the case law, a contingent fee agreement must meet the following requirements to be valid:

> (1) the agreement must be reduced to a written contract; (2) *each participating attorney or law firm shall sign the contract or agree in writing to be bound by the terms of the contract with the client*; (3) each attorney shall agree to assume the same legal responsibility to the client for the performance of the services in question; and (4) the client shall be furnished with a copy of the signed contract.

*Katz v. Frank, Weinberg & Black, P.L.*, 268 So. 3d 773, 776–77 (Fla. 4th DCA 2019) (emphasis added) (quoting *Chandris*, 668 So. 2d at 185). This case law is based upon Rule Regulating the Florida Bar 4-1.5(f)(2), which also specifically requires that clients sign contingent fee agreements. *See id.* at 776 (citing R. Regulating Fla. Bar 4-1.5(f)(2)). If a contingent fee agreement does not meet the requirements of Rule 4-1.5(f)(2), then the agreement is "void as against public interest." *See O'Malley v. Freeman*, 241 So. 3d 204, 207 (Fla. 4th DCA 2018).

"[T]he acceptance of an offer which results in a contract must be absolute and unconditional, identical with the terms of the offer, and in the mode, at the place, and within the time expressly or impliedly stated within the offer." *Grant v. Lyons*, 17 So. 3d 708, 710 (Fla. 4th DCA 2009) (alteration in original) (quoting *Cheverie v. Geisser*, 783 So. 2d 1115, 1119 (Fla. 4th DCA 2001)). "Thus, an acceptance must contain an assent—or meeting of the minds—to the essential terms contained in the offer." *Nichols v. Hartford Ins. Co. of the Midwest*, 834 So. 2d 217, 219 (Fla. 1st DCA 2002). "The determination of whether there is a meeting of the minds as to essential elements of an ambiguous contract requires a consideration of all of the surrounding circumstances." *Barone v. Rogers*, 930 So. 2d 761, 764 (Fla. 4th DCA 2006).

---

[1] Although the trial court's dismissal also included the law firm's claim for unjust enrichment, the law firm has not contested that ruling on appeal.

We hold that the trial court was correct in finding that the law firm failed to state a claim for breach of contract because the client did not sign the contingent fee agreement as required by Rule Regulating the Florida Bar 4-1.5(f)(2). While the law firm argues that the client's failure to sign the agreement was only a technical deficiency, this court's precedent makes clear that the failure to obtain a client's signature on a contingent fee agreement, or otherwise agree with the client, in writing, to be bound by the terms of the contract, violates Rule 4-1.5(f)(2). *See Katz*, 268 So. 3d at 776–77. When a contingent fee agreement does not meet the requirements of Rule 4-1.5(f)(2), courts have held that agreement is void as against public policy. *See O'Malley*, 241 So. 3d at 207.

A review of the record provides no support for the law firm's assertion that the client otherwise accepted the terms of the agreement. *See Barone*, 930 So. 2d at 764. The email exchange between the law firm and the client indicates that the client did not accept the final terms of the contingent fee agreement. *See Grant*, 17 So. 3d at 710. Although the law firm's complaint alleges that the email exchange memorialized the agreement, the emails attached as an exhibit show that the client wanted to further negotiate the terms of contingent fee agreement. *See Duke v. HSBC Mortg. Servs., LLC*, 79 So. 3d 778, 780 (Fla. 4th DCA 2011) ("When exhibits are attached to a complaint, the contents of the exhibits control over the allegations of the complaint." (citation omitted)). The trial court was correct in dismissing the law firm's breach of contract claim when the subject contingent fee agreement was neither signed nor accepted by the client. *See Chandris*, 668 So. 2d at 185; *Cheverie*, 783 So. 2d at 1119.

We also find no error in the trial court's dismissal of appellant's tortious interference claim. To establish tortious interference with a contract or business relationship, the claimant must prove:

> (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference.

*Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 385 (Fla. 4th DCA 1999); *see also Seminole Tribe v. Times Publ'g Co.*, 780 So. 2d 310, 315 (Fla. 4th DCA 2001). This cause of action requires, as a prerequisite, "an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *See Ethan Allen Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994). Here, the contingent fee agreement upon which those claims are based was unratified, unsigned, and unaccepted by all parties. *See Cheverie*, 783 So. 2d at 1119. A

4

contingent fee agreement that is void due to noncompliance with Rule 4-1.5(f)(2) cannot be used as a basis for a tortious interference action. *See Chandris*, 668 So. 2d at 185. Without a valid contract, the law firm's claim tortious interference fails as a matter of law. *See Bortell*, 2 So. 3d at 1048.

*Affirmed.*

LEVINE, C.J., and CIKLIN, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***