PER CURIAM.
 

 Marc D. Beaumont appeals a final summary judgment entered by the trial court on a claim to foreclose a residential mortgage and recover on a promissory note executed in connection with the mortgage. We reverse.
 

 The final summary judgment in this case was entered in favor of Novastar Home Mortgage, Inc. (“Novastar”), a non-party to the suit because of its prior withdrawal from the case. It is fundamental error to enter judgment in favor of a non-party.
 
 Beseau v. Bhalani,
 
 904 So.2d 641 (Fla. 5th DCA 2005);
 
 Rustom v. Sparling,
 
 685 So.2d 90 (Fla. 4th DCA 1997). The defect, which is jurisdictional, can be raised by this Court sua sponte.
 
 Dep’t of Envtl. Prot. v. Garcia,
 
 — So.3d -, 2011 WL 3300540 (Fla. 3d DCA 2011).
 

 The judgment would also have to be reversed even if entered in favor of appellee, The Bank of New York Mellon, as Successor Trustee Under Novastar Mortgage Funding Trust 2005-3 (“Mellon”). Mellon sought in the complaint to reestablish the note and recover on it.
 
 See
 
 § 673.3091, Fla. Stat. (2010). This required Mellon to show it was entitled to enforce the note when it lost the instrument, or that it directly or indirectly acquired ownership from a person who was
 
 *555
 
 entitled to enforce the instrument when loss of possession occurred. § 673.3091(1), Fla. Stat.
 
 [1]
 
 Mellon failed to prove who lost the note and when it was lost, offered no proof of anyone’s right to enforce the note when it was lost, and produced no evidence of ownership, due to the transfer from Novastar to Mellon.
 
 [2]
 

 See Duke v. HSBC Mortg. Servs., LLC,
 
 79 So.3d 778 (Fla. 4th DCA 2011). The trial court was also required to address the issue of providing adequate protection to Beaumont against loss that might occur by reason of a claim by another person to enforce the instrument. § 673.3091(2), Fla. Stat. If Mellon has, in fact, found the note, it must produce it prior to judgment.
 
 Gee v. U.S. Bank Nat’l Ass’n,
 
 72 So.3d 211, 212 (Fla. 5th DCA 2011);
 
 Perry v. Fairbanks Capital Corp.,
 
 888 So.2d 725, 726 (Fla. 5th DCA 2004);
 
 see also Feltus v. U.S. Bank Nat’l Ass’n,
 
 80 So.3d 375 (Fla. 2d DCA 2012).
 

 Mellon also argues that Beaumont has waived the lack of “standing” to enforce the note because of the failure to assert this as an affirmative defense. Generally, the failure to raise standing as an affirmative defense operates as a waiver.
 
 Kissman v. Panizzi,
 
 891 So.2d 1147, 1150 (Fla. 4th DCA 2005) (holding lack of standing is an affirmative defense that must be raised by defendant and failure to raise it generally results in waiver). Standing involves the right to enforce the note and must exist when suit is filed.
 
 See, e.g., McLean v. JP Morgan Chase Bank Nat’l Ass’n,
 
 36 Fla. L. Weekly D2728 (Fla. 4th DCA Dec. 14, 2011);
 
 Taylor v. Deutsche Bank Nat’l Trust Co.,
 
 44 So.3d 618 (Fla. 5th DCA 2010). There is no evidence showing that Beaumont was on notice prior to the time his answer was filed that ownership of the note had been transferred from Novastar to Mellon. In fact, the claimed transfer, alleged to have occurred on the day suit was filed, was either concealed by Novastar for more than three years while it continued to pursue the action, or Novastar backdated the assignment it finally produced on July 23, 2010, as justification for substituting Mellon as plaintiff. Under these circumstances, Beaumont may raise lack of standing when suit was filed as a defense.
 
 See Boston Hides & Furs, Ltd. v. Sumitomo Bank, Ltd.,
 
 870 F.Supp. 1153, 1161 n. 6 (D.Mass.1994) (holding banks were not precluded from raising affirmative defense of fraud for first time on summary judgment in action alleging wrongful dishonor of letter of credit, where banks did not discover information suggesting fraud until almost one year of discovery). Furthermore, Mellon must prove its right to enforce the note as of the time the summary judgment is entered, even if Beaumont had waived the right to challenge the bank’s standing as of the date suit was filed.
 
 Venture Holdings & Acquis. Group, LLC v. A.I.M. Funding Group, LLC,
 
 75 So.3d 773 (Fla. 4th DCA 2011). Its failure to do
 
 *556
 
 so would require this Court to reverse the summary judgment entered on the note and mortgage, even if judgment had been entered in favor of Mellon.
 

 REVERSED.
 

 TORPY, PALMER and COHEN, JJ., concur.
 

 [1]
 

 . A negotiable instrument is enforceable by: (1) the holder of the instrument, (2) a non-holder in possession who has the rights of a holder, or (3) a person not in possession of the instrument who is entitled to reestablish a lost, destroyed or stolen instrument pursuant to section 673.3091, or who has paid or accepted a draft by mistake as described in section 673.4181. § 673.3011, Fla. Stat.
 

 [2]
 

 . The record contains a copy of an assignment of the note from Novastar to Mellon, but the document was never offered into "evidence,” by being attached to an affidavit for purposes of authentification. As such, it is not competent evidence of the assignment and cannot be considered in ruling on Mellon’s motion.
 
 See,
 
 e.g.,
 
 Morrison v. U.S. Bank, N.A.,
 
 66 So.3d 387, 387 (Fla. 5th DCA 2011) (reversing summary judgment of foreclosure where defendant asserted she had not received a notice of default as required by mortgage, and bank had simply filed an unauthenticated notice letter).