COHEN, J.
Rachell Neuman appeals from a final judgment establishing James Harper’s paternity of their minor child, P.N., ordering shared parental responsibility, and awarding Harper majority time-sharing in Mississippi. Because there was competent substantial evidence to support the final judgment, we affirm.
Virtually every fact adduced at trial was controverted. For instance, the parties could not agree on when they began their intimate relationship and when it ended. Neither date is of particular import, but rather is reflective of the disputed nature of the testimony. When faced with such conflicting evidence, the trial court made a determination as to credibility, and that determination was not flattering to Neu-man.
Neuman’s past behavior no doubt impacted her credibility. Although they were no longer a couple, Harper allowed Neuman to continue living in his home during the pregnancy, while he was out of state performing cleanup services following Hurricane Katrina. On three occasions Neuman changed the locks, effectively excluding Harper from his own residence. Additionally, Neuman filed criminal charges and a domestic violence injunction against Harper, both of which were ultimately dismissed. As a result of Neuman’s ex parte application for the domestic violence injunction, however, Harper was unable to attend the birth of his child.
Worse still were Neuman’s efforts to conceal P.N.’s paternity. Neuman did not acknowledge Harper as the child’s father on the birth certificate, and for the first eighteen months of the child’s life, refused Harper any contact with P.N. Harper filed this paternity action in September 2007. Neuman delayed DNA testing, but finally complied with court-ordered testing. However, instead of taking P.N. to be tested, she took a different child — apparently her sister’s — who was born close in time to P.N. Upon receiving the negative test results, Harper, still convinced he was the child’s father, conducted his own investigation. Through social media, he viewed photographs of P.N. and discovered the photographs were not those of the child Neuman presented for DNA testing.
Harper filed a motion for a second DNA test which the trial court granted. For this test, Neuman brought two children whose faces were obscured by hoods. At first, Neuman tried to prevent Harper from seeing the children in order to further confuse the testing process, but ultimately, the staff, with Harper’s assistance, determined the correct child for testing. That test confirmed Harper as P.N.’s father.
Neuman testified at trial that she knew Harper was P.N.’s father from the time of the child’s birth. Nevertheless, she failed to denote Harper as the father on the birth certificate, filed numerous pleadings denying Harper was the father, and fraudulently procured false DNA test results, all with the intent to deceive both Harper and the court.
The evidence adduced at trial also reflected that Neuman’s parenting skills were less than stellar. P.N. has respiratory issues which necessitate the use of a breathing machine. Although the trial court ordered time-sharing with Harper on a temporary basis, Neuman refused to provide him with any medical information relating to P.N. Harper hired a private investigator whose videotaped surveillance revealed that, despite P.N.’s respiratory issues, Neuman smoked cigarettes in an *976 automobile with P.N. present and lived in a small trailer with five dogs and a cat. Also, during the surveillance, P.N. and his older half-brother were observed wandering alone in a large store, searching for their mother.
In crafting a parenting plan in the best interests of the child, the trial court considered and weighed the factors set forth in section 61.13(3), Florida Statutes (2011). The majority of factors considered by the trial court in determining a proper time-sharing schedule weighed in favor of the father. In pertinent part, the trial court found that Neuman engaged in a deceptive and continuous course of conduct intended to thwart any relationship between the father and child;[1] that Harper provides a more stable and satisfactory environment for the child; and that Neuman has demonstrated a disregard for both the physical and emotional health of P.N. The trial court ultimately concluded that P.N. would reside the majority of the time with his father in Mississippi.
On appeal, Neuman raises a number of challenges to the final judgment, none of which have merit. Neuman argues that Harper’s paternity petition did not request a designation of the “primary residential parent,” and that the final judgment does not articulate “how it is in the best interest of the child to designate a Primary Residential Parent.” While the final judgment does not specifically designate a “primary residential parent,” the time-sharing schedule placed P.N. with the father in the role of what traditionally would have been considered the primary residential parent. The trial court’s decision was based on the statutory factors and in consideration of the fact that the parties live in different states. We find no abuse of discretion in that decision. See Miller v. Miller, 842 So.2d 168, 169 (Fla. 1st DCA 2003) (noting a trial court’s decision regarding child custody matters is reviewed for an abuse of discretion).
Neuman also challenges several of the trial court’s factual findings. She, however, misconstrues the role of this Court in reviewing the evidence. Our review is limited to determining whether there is competent substantial evidence to support the findings of the court below. See Ferri v. Apple, 900 So.2d 673, 673 (Fla. 2d DCA 2005). In doing so, we view the evidence in the light most favorable to the appellee, Harper. Sinclair v. Sinclair, 804 So.2d 589, 594 (Fla. 2d DCA 2002). The fact that Neuman presented evidence disputing the trial court’s findings is not sufficient to warrant reversal. See Adair v. Adair, 720 So.2d 316, 317 (Fla. 4th DCA 1998). Here, the lower court’s findings were supported by competent substantial evidence. Finding no merit in the remaining issues raised on appeal, we affirm.
AFFIRMED.
PALMER and LAWSON, JJ., concur.

. Conversely, the trial court found that Harper had taken extensive measures to share parental responsibility, despite Neuman’s conduct.