GRIFFIN, J.
Abdallah Boumarate and Jennifer Bratc-hell-Boumarate [“Appellants”] appeal a summary final judgment entered by the trial court in favor of HSBC Bank, N.A. [“the Bank”] to foreclose a residential mortgage and recover on a promissory note executed in favor of Novelle Financial Services, Inc. in connection with the mortgage. The complaint contained both a count for foreclosure and a second count to re-establish a lost instrument (the note) pursuant to section 673.3091, Florida Statutes.
In order to be entitled to judgment, the Bank must prove its right to enforce the note as of the date of the summary judgment hearing, including how it obtained the Novelle Financial Services note and the circumstances of its loss.[1] Beaumont v. Bank of New York Mellon, 81 So.3d 553, 554-55 (Fla. 5th DCA 2012). The Bank did file a “lost instrument affidavit,” but it merely averred that it currently held the note, but could not find it. The Bank does not dispute its burden of proof on this point; it merely argues that by *1240 failing to raise this issue in its pleading, Appellants lost their right to complain of the defect. However, this burden remained with the bank. Beaumont, 81 So.3d at 555; Venture Holdings & Acquisitions Group, LLC v. A.I.M. Funding Group, LLC, 75 So.3d 773 (Fla. 4th DCA 2011).
REVERSED and REMANDED.
PALMER and JACOBUS, JJ., concur.

. The Bank's "standing” was not an issue due to Appellants’ default.