LAMBERT, J.
Michael Lovett and his father, James Lovette, (collectively “the Lovettes”)[1] appeal the summary final judgment entered in favor of Appellee, National Collegiate Student Loan Trust 2004-1 (“Loan Trust”), in an action to recover on a credit agreement/promissory note. The Lovettes argue that the trial court erred because: (1) Loan Trust never proved that it was the owner of the note sued upon, (2) Loan Trust never tendered the original promissory note, and (3) Loan Trust never alleged or provided notice of assignment pursuant to section 599.715, Florida Statutes (2013). Finding the first argument meritorious, we reverse.[2]
Michael executed a credit agreement in which he borrowed $30,000 from Bank One, N.A., as an education loan. James co-signed the loan and guaranteed payment in full. Because Michael did not pay the loan as agreed, Loan Trust filed a one-count, one-page complaint, alleging in pertinent part: (1) the Lovettes executed a promissory note, (2) Loan Trust “owns and holds the note(s),” (3) the Lovettes failed to pay the installment payments when due, (4) Loan Trust accelerated the balance upon nonpayment, and (5) all conditions precedent to the filing of the action have occurred. Michael filed a pro se response to the complaint. He did not deny the allegations of the complaint, but asserted that the cause of action was barred by the statute of limitations. He also asserted that his father was elderly and, due to his father’s, poor health, his father should not be required to participate in any court proceedings. Additionally, Michael claimed that, his wages, earnings, or compensation as head of the household should be exempt from garnishment.[3]
Loan Trust filed a motion for summary judgment and attached to its motion an affidavit of account executed by a supervisor for its loan servicer. In response, the Lovettes filed an unsigned “motion for dismissal of summary judgment,” asserting that Loan Trust lacked standing to sue them as “it was not a party to the contract and has not provided any documentation showing its relationship to the original lender, Bank One.” At the conclusion of the summary judgment hearing, the trial court found in favor of Loan Trust and entered summary final judgment. The Lovettes thereafter retained counsel, who timely filed a motion for rehearing pursuant to Florida Rule of Civil Procedure 1.530. In their motion, the Lovettes ar *737 gued, inter alia, that the trial court erred in entering summary judgment because Loan Trust failed to produce evidence at the hearing establishing that it owned the promissory note. The trial court denied rehearing and this appeal ensued.
Our standard of review of a trial court’s entry of summary final judgment is de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). “[T]he burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact.” Albelo v. S. Bell, 682 So.2d 1126,1129 (Fla. 4th DCA 1996). “[I]f the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party and summary judgment must be denied.” Nard, Inc. v. DeVito Contracting & Supply, Inc., 769 So.2d 1138,1140 (Fla. 2d DCA 2000).
On appeal, the Lovettes argue that outstanding issues of fact regarding the “ownership” of the note exist that should have prevented entry of summary judgment in favor of Loan Trust. In response, Loan Trust argues that the Lovettes waived these issues by failing to file an affidavit opposing summary judgment or otherwise raise the issue below.
“Generally, the failure to raise standing as an affirmative defense operates as a waiver.” Beaumont v. Bank of New York Mellon, 81 So.3d 553, 555 (Fla. 5th DCA 2012) (citing Kissman v. Panizzi, 891 So.2d 1147, 1150 (Fla. 4th DCA 2005)); Schuster v. Blue Cross & Blue Shield of Fla., Inc., 843 So.2d 909; 912 (Fla. 4th DCA 2003) (“There is no question that lack of standing is an affirmative defense that must be raised by the defendant and that the failure to raise it generally results in waiver.” (citing Krivanek v. Take Back Tampa Political Comm., 625 So.2d 840, 842 (Fla.1993))). But see McLagan v. Fed. Home Loan Mortg. Corp., 145 So.3d 943, 945 (Fla. 2d DCA 2014) (“[T]he pertinent question is whether the issue was raised at the trial court, not how it was raised .... [Standing may not be raised for the first time on appeal; however, it does not necessarily require that standing be raised only by means of an affirmative defense.” (alterations in original) (quoting Maynard v. Fla. Bd. of Educ. ex rel. Univ. of S. Fla., 998 So.2d 1201, 1206 (Fla. 2d DCA 2009)).
To be entitled to summary final judgment, Loan Trust had the burden to “show, without genuine issue of material fact, that it was the holder of the note on the date the complaint was filed.” McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 175 (Fla. 4th DCA 2012); see also Taylor v. Deutsche Bank Nat’l Trust Co., 44 So.3d 618, 622 (Fla. 5th DCA 2010) (stating that “the person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder” (citing BAC Funding Consortium Inc. IS-AOA/ATIMA v. Jean-Jacques, 28 So.3d 936, 938 (Fla. 2d DCA 2010))). In addition, Loan Trust had the burden to “prove its right to enforce the note as of the date of the summary judgment hearing, including how it obtained the [note],” even if the Lovettes had waived the right to challenge Loan Trust’s standing as of the date suit was filed. See Boumarate v. HSBC Bank USA, N.A., 109 So.3d 1239, 1239 (Fla. 5th DCA 2013) (citing Beaumont, 81 So.3d at 554-55). Because there is no evidence in the record at the time of the hearing regarding how Loan Trust acquired the note, summary final judgment was improper.
REVERSED and REMANDED.
ORFINGER and WALLIS, JJ„ concur.

. There appears to be a discrepancy in the spelling of Michael's last name. The final judgment is entered against Michael Lovette and James Lovette, and in his pro se filings in the lower court, Michael spells his last name “Lovette." However, the notice of appeal lists Michael’s last name as "Lovett.”

. Because this issue is dispositive, we do not ' address the Lovettes’ other arguments.

. James did not file an answer to the complaint. However, no default was ever sought against him. Michael later filed, without leave of court, an amended response to the complaint, which raised an additional issue not critical to our determination.