WALLIS, J.
Dr. Charles M. and Mrs. Dianne K. Grudem (“Appellants”) appeal the trial court’s foreclosure judgment in favor of Federal National Mortgage Association (“FNMA”). Because FNMA faded to meet its burden to prove foreclosure, we reverse and remand for a new trial.
FACTS
In January 2010, SunTrust Mortgage, Inc. (“SunTrust”), as loan servicer, filed a foreclosure complaint against Appellants, alleging that FNMA, owner of the note, authorized it to bring the action. In February 2012, Appellants’ counsel withdrew and, in its motion, erroneously listed Appellants’ last known city of residence as “Orlando” instead of “Ocala.” ' In April 2013, the trial court sent a case management order to the Orlando address, which was returned to sender. The case management hearing went forward without Appellants, and the trial court set the case for non-jury trial on June 18, 2013, again sending the order to the Orlando address. Appellants failed to appear, and the trial *915 court entered a foreclosure judgment for SunTrust.
In July 2013, Appellants filed a notice of their updated mailing address and an accompanying motion requesting corrective actions, explaining counsel’s previous filing of an incorrect address. Appellants then filed a request for expedited or emergent adjudication, seeking to stop the foreclosure sale and an order setting aside the foreclosure judgment. On August 19, 2013, the trial court granted the request and motion, cancelling the foreclosure sale and setting aside the judgment of foreclosure. SunTrust did not challenge or appeal this order.
FNMA later replaced SunTrust as plaintiff, and the trial court set the case for a new non-jury trial before a different judge on November 25, 2014. When Dr. Gru-dem, appearing pro se on Appellants’ behalf, failed to arrive on time, the trial court ruled in FNMA’s favor. FNMA represented to the trial court that it did not know why the trial court vacated Sun-Trust’s prior judgment of foreclosure. After the trial court requested an order from FNMA, FNMA’s counsel responded as follows:
[FNMA]: You don’t want to sign the first judgment? I guess it would be—
THE COURT: You’ve already got an order?
[FNMA]: Well,, I mean, technically, that judgment was vacated, so there is a new judgment.
THE COURT: We have already had one trial before?
[FNMA]: Yes, Your Honor.
THE COURT: All right. I don’t know why it was set aside, but all right.
After Dr. Grudem arrived and explained his tardiness, the trial court recalled the case. FNMA established its sole witness’s familiarity with the relevant records and questioned the witness about a copy of the note. Before introducing the copy into evidence,. FNMA’s counsel stated, ■■
Your Honor, I just want to remind- the Court- — we said it earlier,-when Dr. Gru-dem-wasn’t' here — this case had gone previously to judgment and there was an order by Judge ... Swigert, which vacated it. That order — that motion was done,. apparently, without a hearing. But since that order was entered, we’re here today on the trial again.
Dr. Grudem attempted to object to the legality and authenticity of the endorsement on the note, but the trial court admitted the copy over his objection.
Dr. Griidem also objected to FNMA’s examination of the witness about a copy of the mortgage, a'rguing FNMA needed to produce the original' mortgage. Rather than’directly addressing the objection, the trial court initiated the following exchange:
THE COURT: [to FNMA] Let me get it. You’ve already gotten a final judgment one time?
[FNMA]: Correct, Your Honor.
THE COURT: Okay. And he came in, ■ without giving you notice, to set it aside, and Judge Swigert set it aside. Well, I don’t want to go through the whole case again. There is no reason to do that.
DR. GRUDEM: Your Honor, Your Honor, there was no notice to us, to the Defendants of that trial. There is a due diligence—
THE COURT: Okay. Well, let’s look and see 'if there was.
Once the trial court determined notice had been sent for both the case management conference and the first trial, Dr. Grudem explained the notice had been improper because it went to the wrong address. When the trial court stated the' case had already been heard, Dr. Grudem responded that Appellants had never been heard. *916 The trial court disregarded Dr. Grudem’s argument, reiterating that it would not hear the case again. The trial then ended abruptly, with Dr. Grudem making an unanswered motion for recusal of the judge, and despite FNMA- failing to present any additional evidence or .argument in support of foreclosure.
■ The day after trial, FNMA submitted a notice of filing to the trial court that listed the -demand'letter, loan payment history, and verified statement as to plaintiffs costs, stating these items were “filed herewith in open court on November 25, 2014.” The trial court then entered final judgment in FNMA’s favor. In December 2014, the trial court adopted a proposed order from FNMA, without revision, finding that “the Final Judgment entered on August 19, 2013, should not have been vacated as it is now clear that- the Defendants received prior notice of that trial order” and stating that it would enter a new judgment to reflect the additional amounts due and owing since the entry of the August 19, 2013 judgment.
ANALYSIS
We review a trial court’s factual findings to determine whether they are supported by competent substantial evidence. See Neuman v. Harper, 106 So.3d 974, 976 (Fla. 5th DCA 2013). To establish its entitlement to foreclosure, a party must introduce the subject note and mortgage, an acceleration letter, and some evidence regarding the outstanding debt on the note. Kelsey v. SunTrust Mortg., Inc., 131 So.3d 825, 826 (Fla. 3d DCA 2014) (citation omitted). Appellants .correctly argue FNMA failed to establish any of the evidentiary elements necessary to support foreclosure. Although FNMA admitted a copy of the note over objection, it did not admit the original, as required. See Gee v. U.S. Bank Nat’l Ass’n, 72 So.3d 211, 213 (Fla. 5th DCA 2011) (citation omitted). Additionally, because the trial court terminated the trial before FNMA could enter other records into evidence, FNMA failed to establish the amount owed on the note and its compliance with the mortgage— specifically, the pre-acceleration notice requirement of paragraph 22. Thus, without any evidence before it, the trial court should not have found that FNMA proved these elements. See Figueroa v. Fed. Nat’l Mortg. Ass’n, 180 So.3d 1110, 1115-16 (Fla. 5th DCA.2015). FNMA’s identification of the records without admitting them before the trial court did not suffice as competent, substantial evidence. See Wolkoff v. Am. Home Mortg. Servicing, Inc., 153 So.3d 280, 281-82 (Fla. 2d DCA 2014).
FNMA, on appeal and at trial below, relies entirely upon the vacáted prior judgment but never challenged the order vacating it. FNMA could not rely upon the vacated judgment to support a new judgment, despite its claimed lack of understanding about the trial court’s reasons for vacating.[1] Although FNMA argues to the contrary, the trial court incorrectly relied upon a previously vacated judgment wherein SunTrust, not FNMA established its case for foreclosure without Appellants’ presence. Because the trial court abruptly terminated the proceeding, precluding FNMA from establishing its entitlement to foreclosure and Appellants from defending against the action, we reverse and remand for a new trial.
*917 REVERSED and REMANDED for NEW TRIAL.
SAWAYA and EDWARDS, JJ., concur.

. Furthermore, if the trial court effectively reinstated the vacated order, as FNMA argues, the resulting reinstated judgment in favor of SunTrust, a nonparty, would constitute fundamental error. See Beaumont v. Bank of N.Y. Mellon, 81 So.3d 553, 554 (Fla. 5th DCA 2012).