# Third District Court of Appeal

## State of Florida

Opinion filed March 23, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1140
Lower Tribunal No. 13-26764
_____

**66 Team, LLC,**
Appellant,

vs.

**JPMorgan Chase Bank National Association,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Michael Winer (Fort Lauderdale), for appellant.

Ira Scot Silverstein (Fort Lauderdale), for appellee.

Before EMAS, LOGUE and SCALES, JJ.

EMAS, J.

Appellant, 66 Team, LLC, appeals from a final judgment of foreclosure in favor of JP Morgan Chase Bank National Association, entered after a bench trial.[1] 66 Team contended below, and contends here on appeal, that there was no competent, substantial evidence to support the final judgment. Upon our *de novo* review, see Lacombe v. Deutsche Bank Nat. Trust Co., 149 So. 3d 152 (Fla. 1st DCA 2014); Dixon v. Express Equity Lending Grp., LLLP, 125 So. 3d 965 (Fla. 4th DCA 2013), we agree.

At trial, JP Morgan Chase failed to introduce any document or other evidence to establish its foreclosure action. It did not introduce into evidence the mortgage, the note, or an allonge to the note purportedly bearing a special endorsement in favor of JP Morgan Chase.[2] The testimony (comprising a total of two pages) was insufficient to establish JP Morgan Chase's cause of action by competent, substantial evidence. We therefore conclude that the trial court erred in entering a final judgment of foreclosure for JP Morgan Chase.

---

[1] Appellee, JP Morgan Chase did not file an Answer Brief and was thereafter precluded from doing so. JP Morgan Chase was also given the opportunity to file a memorandum of points and authorities in support of its position in this appeal, which it likewise failed to do.

[2] A testimonial reference to a document, or the marking of a document for identification purposes but not admitted into evidence, is insufficient. Wolfkoff v. Am. Home Mortg. Servicing, Inc., 153 So. 3d 280, 281-82 (Fla. 2d DCA 2014); Beaumont v. Bank of New York Mellon, 81 So. 3d 553, 555 n. 2 (Fla. 5th DCA 2012).

We further hold that, under the circumstances presented, the proper remedy is reversal with directions to enter an order of involuntary dismissal.  See <u>Correa v. U.S. Bank, N.A.</u>, 118 So. 3d 952, 956 (Fla. 2d DCA 2013) (holding "appellate courts do not generally provide parties with an opportunity to retry their case upon a failure of proof") (quoting <u>Morton's of Chi., Inc., v. Lira</u>, 48 So. 3d 76, 80 (Fla. 1st DCA 2010)).

Reversed and remanded with directions to enter order of involuntary dismissal.