IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


CHRISTINA D. BOWMAR,

        Appellant,

v.                                       Case No. 5D14-2134

SUNTRUST MORTGAGE, INC., ET AL.,

        Appellees.

_____/

Opinion filed April 22, 2016

Appeal from the Circuit Court
for Seminole County,
Robert J. Pleus, Jr., Senior Judge.

Christina D. Bowmar, Longwood, pro se.

Michael W. Smith, of Baker, Donelson,
Bearman, Caldwell & Berkowitz, PC,
Orlando, for Appellee, MTGLQ Investors,
L.P.

No Appearance for other Appellees.


PER CURIAM.

       Christina D. Bowmar appeals the final judgment of foreclosure entered by the

trial court in favor of SunTrust Mortgage, Inc. ("SunTrust"). We reverse.

       On October 30, 2008, SunTrust filed a foreclosure complaint against Bowmar

alleging that she was in default of her obligations under the adjustable rate promissory

note and mortgage she executed on April 20, 2005. SunTrust assigned the note and the mortgage to MTGLQ Investors, L.P. ("MTGLQ") on June 8, 2010, and placed an undated special indorsement on the original note to MTGLQ. SunTrust filed a motion to amend its complaint on February 5, 2013, and the trial court granted the motion on March 25, 2013. The amended foreclosure complaint replaced SunTrust as the party plaintiff with MTGLQ.

A bench trial was held on May 14, 2014, at which MTGLQ called Frank Denson, an employee of its loan servicer, to testify as a witness. Denson's testimony laid a predicate for the admission of business records. See Nationstar Mortg., LLC v. Berdecia, 169 So. 3d 209, 212-13 (Fla. 5th DCA 2015) (quoting Yisrael v. State, 993 So. 2d 952, 956 (Fla. 2008)). However, the only documents actually admitted into evidence were two assignments of the mortgage between SunTrust and Mortgage Electronic Registration Systems, Inc. ("MERS") and the assignment of the note and mortgage from SunTrust to MTGLQ. The original note and mortgage, the acceleration letter, and the payment history were not admitted into evidence at trial. At the close of the case, the trial court rendered the final judgment of foreclosure in favor of SunTrust, not MTGLQ. This was error.

A foreclosure plaintiff must have standing at both the time when the foreclosure complaint is filed and when the final judgment is entered. See Pennington v. Ocwen Loan Servicing, LLC, 151 So. 3d 52, 53 (Fla. 1st DCA 2014) (citing Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013)). The entry of a final judgment of foreclosure in favor of a nonparty is fundamental error. See Beaumont v. Bank of New York Mellon, 81 So. 3d 553, 554 (Fla. 5th DCA 2012) (citing Beseau v. Bhalani, 904 So.

2

2d 641 (Fla. 5th DCA 2005)); see also Grudem v. Fed. Nat'l Mortg. Ass'n, 41 Fla. L. Weekly D716, D717 n.1; 2016 WL 1062830 at *3 (Fla. 5th DCA Mar. 18, 2016).

In this case, the trial court rendered judgment in favor of SunTrust even though SunTrust was no longer a party to the case after the amended complaint was filed. See Estate of Eisen v. Phillip Morris USA, Inc., 126 So. 3d 323, 329-30 (Fla. 3d DCA 2013); Lindy's of Orlando, Inc. v. United Elec. Co., 239 So. 2d 69, 72-73 (Fla. 4th DCA 1970) (quoting Griffin v. Workman, 73 So. 2d 844, 847 (Fla. 1954)). MTGLQ acknowledges that the final judgment was rendered for SunTrust in error, but claims that it is "an obvious scrivener's error." Whether this error is categorized as a scrivener's error or not, the trial court effectively rendered an unenforceable judgment. MTGLQ cannot enforce it because it was entered in favor of SunTrust. SunTrust cannot enforce it because it was no longer a party to the action and was no longer the holder of the note. Commercial Laundries, Inc. v. Golf Course Towers Assocs., 568 So. 2d 501, 503 (Fla. 3d DCA 1990). Because SunTrust was not a party when the final judgment of foreclosure was rendered, the trial court's issuance of the final judgment of foreclosure in favor of SunTrust constitutes fundamental error requiring reversal. See Grudem, 41 Fla. L. Weekly D716, D717 n.1; Beaumont, 81 So. 3d at 554; Beseau, 904 So. 2d at 642.

Even if SunTrust were the proper party, entitlement to foreclosure requires the admission into evidence of "the subject note and mortgage, an acceleration letter, and some evidence regarding the . . . outstanding debt on the note." Kelsey v. SunTrust Mortg., Inc., 131 So. 3d 825, 826 (Fla. 3d DCA 2014) (citing Ernest v. Carter, 368 So. 2d 428, 429 (Fla. 2d DCA 1979)). Denson's discussion of these documents without

3

their admission into evidence was insufficient to establish MTGLQ's entitlement to foreclosure.[1]   See <u>66 Team, LLC v. JPMorgan Chase Bank Nat'l Ass'n</u>, 41 Fla. L. Weekly D757 n.2; 2016 WL 1128425 at *1 n.2 (Fla. 3d DCA Mar. 23, 2016) (citing <u>Wolkoff v. Am. Home Mortg. Servicing, Inc.</u>, 153 So. 3d 280, 281-82 (Fla. 2d DCA 2014)); <u>see also</u> <u>Gonzalez v. BAC Home Loans Servicing, L.P.</u>, 180 So. 3d 1106, 1108 (Fla. 5th DCA 2015) (reiterating that the testimony of a witness regarding business records not entered into evidence at trial is insufficient to prove standing in a foreclosure case (citing <u>Schmidt v. Deutsche Bank</u>, 170 So. 3d 938, 941 (Fla. 5th DCA 2015))). Accordingly, we reverse the final judgment of foreclosure, and remand for a new trial. <u>See</u> <u>Grudem</u>, 41 Fla. L. Weekly D716 (reversing and remanding for a new trial when the trial court abruptly terminated the proceeding before the necessary documents were admitted into evidence).

REVERSED and REMANDED for NEW TRIAL

TORPY, BERGER and LAMBERT, JJ., concur.

---

[1] MTGLQ's failure to bring the note, mortgage, acceleration letter, and payment history into evidence appears attributable to the accelerated pace of the proceedings set by the trial court to get through the forty-five foreclosure bench trials on its docket that day.