**Lorenzo DIXON and Lahoma Dixon, Appellants,**

v.

**WELLS FARGO BANK, N.A., et al., Appellees.**

**No. 4D15–3974**

District Court of Appeal of Florida, Fourth District.

[January 4, 2017]

S. Alan Johnson of S. Alan Johnson Law LLC, Fort Myers, for appellants.

Brian S. Jacobson of Brian Jacobson Law, PL, Miami, for appellee SJ Mak LLC.

Klingensmith, J.

Lorenzo and Lahoma Dixon ("Borrowers") appeal a final judgment of foreclosure entered against them. Because the initial plaintiff, Wells Fargo Bank, N.A. ("Bank"), sent a default letter to Borrow-

ers that failed to substantially comply with paragraph 22 of the mortgage, we reverse.[1]

After Borrowers defaulted on their mortgage loan payment, Bank's law firm sent them a default letter on Bank's behalf stating that "[p]ursuant to the terms of the promissory Note and Mortgage, [Bank] has accelerated all sums due and owing, which means that the entire principal balance and all other sums recoverable under the terms of the promissory Note and Mortgage are now due." The letter notified Borrowers that although the process of filing a foreclosure complaint against them was already underway, Borrowers should contact the firm "if you wish to receive figures to reinstate (bring your loan current) or pay off your loan through a specific date," and that the debt would be assumed valid "[u]nless you notify this law firm within thirty (30) days after your receipt of this letter that the validity of this debt, or any portion thereof, is disputed." Eight days after this letter was sent, Bank filed its foreclosure complaint.

At the close of the non-jury trial, Borrowers moved for involuntary dismissal on multiple grounds, one of which was that the default letter failed to comply with paragraph 22 of the mortgage. Paragraph 22 of the mortgage provided, in relevant part:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding.

The trial court ruled that Bank substantially complied with paragraph 22, and ultimately entered final judgment against Borrowers. This appeal followed.

■ "[A] trial court's interpretation of a contract is a matter of law subject to a de novo standard of review." *Reilly v. Reilly*, 94 So.3d 693, 697 (Fla. 4th DCA 2012) (quoting *Chipman v. Chipman*, 975 So.2d 603, 607 (Fla. 4th DCA 2008)).

■ Paragraph 22 of a standard mortgage "sets forth a pre-suit requirement that the lender give the borrower thirty days' notice and an opportunity to cure the default prior to filing suit." *Dominko v. Wells Fargo Bank, N.A.*, 102 So.3d 696, 698 (Fla. 4th DCA 2012). Its purpose is "to ensure that borrowers are informed before suit is filed that they are not required to take a foreclosure complaint lying down and can defend the case if so inclined." *Green Tree Servicing, LLC v.*

---

1. Wells Fargo was the initial plaintiff, but SJ Mak LLC was properly substituted as the plaintiff later in the case.

*Milam,* 177 So.3d 7, 16–17 (Fla. 2d DCA 2015). A bank's substantial compliance with paragraph 22 "is all that is required" to satisfy this condition precedent. *See Ortiz v. PNC Bank, Nat'l Ass'n,* 188 So.3d 923, 925 (Fla. 4th DCA 2016).

Analogous to this case is *Kurian v. Wells Fargo Bank, National Ass'n,* 114 So.3d 1052, 1054–55 (Fla. 4th DCA 2013), wherein this court reversed a summary judgment of foreclosure entered against the borrowers because the bank did not meet the requirements of paragraph 22 since its default letter conveyed that acceleration had already occurred, was dated six days before the filing of the complaint, and failed to provide both a sufficient notice of default and a thirty-day opportunity to cure. Likewise, the evidence here showed that Bank did not substantially comply with paragraph 22 of Borrowers' mortgage because Bank's default letter stated that acceleration had already occurred, was sent only eight days before the filing of the initial complaint, and failed to inform Borrowers of their right to assert the nonexistence of default and to provide them with thirty days to cure. *See id.*

Therefore, because Bank did not substantially comply with paragraph 22 of Borrowers' mortgage, we reverse and remand to the trial court to grant Borrowers' motion for involuntary dismissal.

*Reversed and Remanded with instructions.*

Gerber and Levine, JJ., concur.