IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RUSH VITALIY, A/K/A RUSH VITALY,

     Appellant,

 v.

Case No. 5D17-1904

WELLS FARGO BANK, N.A., AS
TRUSTEE FOR THE POOLING AND
SERVICING AGREEMENT DATED AS
OF NOVEMBER 1 2004 ASSET-BACKED
PASS-THROUGH CERTIFICATES
SERIES 2004-WHQ2, JOULIA VITALIY
AND ARGENT MORTGAGE CO,

     Appellees.

_____/

Opinion filed September 28, 2018

Appeal from the Circuit Court
for Orange County,
Heather L. Higbee, Judge.

Latasha Scott, of Lord Scott, Tampa, and
Richard J. Mockler, of Stay in My Home,
P.A., St. Petersburg, for Appellant.

W. Bard Brockman, and Christian J.
Bromley, of Bryan Cave LLP, Atlanta,
Georgia, for Appellee, Wells Fargo Bank,
N.A., as Trustee for the Pooling and
Servicing Agreement Dated as of
November 1, 2004 Asset-Backed Pass-
Through Certificates Series 2004-WHQ2.

No Appearance for other Appellees.

PER CURIAM.

We reverse the final judgment of foreclosure entered in favor of Appellee, Wells Fargo Bank, N.A., against Appellant, Rush Vitaliy. In his answer to Appellee's foreclosure complaint, Appellant alleged that Appellee failed to provide him with the notice of default letter required by paragraph 22 of the mortgage. At trial, Appellee attempted to prove compliance with paragraph 22; however, the court sustained Appellant's objection that the proffered evidence was hearsay. At the conclusion of Appellee's case, Appellant moved for an involuntary dismissal based on Appellee's failure to prove that it actually mailed a default letter to Appellant. The trial court denied Appellant's motion and entered final judgment in favor of Appellee.

At best, Appellee's evidence proved only that Appellee prepared a default letter addressed to Appellant; however, there was no proof that the default letter was actually mailed. Thus, Appellee failed to prove that it complied with paragraph 22 of the mortgage. *See Madl v. Wells Fargo Bank, N.A.*, 244 So. 3d 1134, 1137 (Fla. 5th DCA 2017). Accordingly, the trial court erred by denying Appellant's motion for involuntary dismissal and for entering judgment in favor of Appellee. We reverse the final judgment and remand to the trial court with instructions to enter an order involuntarily dismissing the case.

REVERSED AND REMANDED.

COHEN, C.J., EDWARDS and GROSSHANS, JJ., concur.