# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-0515
LT Case No. 2021-CA-887

———————————————

WILLIAM CLARK JR.,

    Appellant,

    v.

SOUTH STATE BANK, N.A., STATE
OF FLORIDA, U.S. DEPARTMENT
OF TREASURY-INTERNAL
REVENUE SERVICE, and
WILLIAM CLARK, SR., DECEASED,

    Appellee.

———————————————

On appeal from the Circuit Court for Marion County.
Gary L. Sanders, Judge.

Stanley W. Plappert, of The Florida Legal Advocacy Group, P.A.,
Ocala, for Appellant.

Dock A. Blanchard, of Blanchard, Merriam & Adel, P.A., Ocala,
and Daniel Hicks, of Daniel Hicks, P.A., Ocala, for Appellee,
South State Bank, N.A.

No Appearance for Remaining Appellees.

December 6, 2024

KILBANE, J.

William Clark Jr. ("Borrower") timely appeals from a final judgment foreclosing a mortgage in favor of South State Bank, N.A. ("Lender"). Because Lender failed to substantially comply with the pre-acceleration notice requirement of the mortgage and failed to establish indebtedness with competent, substantial evidence, we reverse.[1]

## Facts

In 2004, Borrower executed an adjustable-rate promissory note ("Note"), secured with a mortgage ("Mortgage") on the subject property, to Independent National Bank. In 2010, Independent National Bank's assets—including the Note and Mortgage—were seized by the Federal Deposit Insurance Corporation and subsequently purchased by Lender.

In May 2021, Lender brought an action to foreclose the Mortgage against Borrower. Lender affirmed that all conditions precedent had been performed including "notice of default and acceleration."

In September 2021, Lender mailed Borrower the Acceleration Notice and Demand for Payment ("Acceleration Notice"). The Acceleration Notice declared Borrower was in default for failure to make payments and asserted the entire unpaid principal balance, interest, and other costs and fees—totaling $82,013.89—were immediately due. The Acceleration Notice required Borrower to pay the full amount within 35 days.

In March 2023, Lender filed its fourth amended complaint, in which Lender again affirmed that all conditions precedent had been performed including "notice of default and acceleration as required by the terms of the Note and Mortgage, a copy of both

---

[1] We reject Borrower's alternative basis for reversal without discussion.

attached as Composite Exhibit 'C.'" The Acceleration Notice was the only document attached as Composite Exhibit C.[2]

At the final evidentiary hearing, Lender called its Special Assets Manager, Matthew T. Maynor, to establish standing as the successor in interest to the Note and Mortgage. Relying on a payoff letter that was not admitted into evidence, Maynor also testified that Borrower's indebtedness—including the principal balance plus associated costs and fees—was $93,414.26, as of the date of the hearing. An affidavit of indebtedness signed by Maynor on the date of trial was admitted into evidence. This affidavit listed additional items and raised the total alleged indebtedness to $102,063.55.

On cross-examination, Maynor was questioned regarding the Acceleration Notice, which he referred to as "an acceleration letter." He admitted the Acceleration Notice was not intended to comply with the requirements of paragraph 22 of the Mortgage. Maynor also admitted that—without reviewing Lender's documents—he could not testify regarding (1) which payments were paid or unpaid or (2) Borrower's total indebtedness as of the date the foreclosure action was filed. Maynor reported that Lender's counsel had been provided business records from two different record-keeping systems to document Borrower's payments. These ledgers were not admitted into evidence.

In Borrower's closing, he asserted the Acceleration Notice failed to comply with paragraph 22 of the Mortgage because it demanded payment of the accelerated debt but failed to provide him with notice of default and time to cure. Borrower also alleged there was insufficient evidence to establish he defaulted on his Mortgage or the total amount of indebtedness. Borrower contended that involuntary dismissal was appropriate under the circumstances.

---

[2] Although the record documented Lender sent Borrower two other notices prior to filing this foreclosure action, they were not attached to the complaint or relied upon by Lender on appeal, and likewise failed to comply with paragraph 22 of the Mortgage.

The trial court rejected Borrower's arguments and entered final judgment of foreclosure in favor of Lender in the amount of $102,063.55. Borrower subsequently filed a motion for rehearing/reconsideration, which was denied. This timely appealed followed.

## Analysis

### A. Paragraph 22 Pre-Acceleration Notice

The trial court's interpretation of a contract—including a mortgage—is reviewed de novo. *Dixon v. Wells Fargo Bank, N.A.*, 207 So. 3d 899, 900 (Fla. 4th DCA 2017) (quoting *Reilly v. Reilly*, 94 So. 3d 693, 697 (Fla. 4th DCA 2012)). "A lender cannot foreclose until it has complied with the terms of the mortgage." *Martins v. PNC Bank, N.A.*, 170 So. 3d 932, 936 (Fla. 5th DCA 2015) (citing *DiSalvo v. SunTrust Mortg., Inc.*, 115 So. 3d 438, 439 (Fla. 2d DCA 2013)). A lender's notice of default sent pursuant to paragraph 22 of a mortgage is "sufficient when [it] advise[s] the borrower of all essential information concerning the borrower's default and the action required to cure it." *U.S. Bank N.A. ex rel. Holders of the Home Equity Asset Tr. 2002-4 Home Equity Pass-Through Certificates, Series 2002-4 v. Doepker*, 223 So. 3d 1083, 1084 (Fla. 2d DCA 2017) (quoting *Ocwen Loan Servicing, LLC v. Osmundsen*, 204 So. 3d 118, 119 (Fla. 2d DCA 2016)).

Here, paragraph 22 of the Mortgage explicitly required Lender to send Borrower notice "prior to acceleration," informing him of certain information including how to cure the default and that the debt would be accelerated if the default was not cured. Lender asserts the Acceleration Notice substantially complied with the requirements of paragraph 22. *See Diaz v. Wells Fargo Bank, N.A.*, 189 So. 3d 279, 282 (Fla. 5th DCA 2016) (citing *Bank of N.Y. Mellon v. Nunez*, 180 So. 3d 160, 161 n.1, 162 (Fla. 3d DCA 2015)) (explaining substantial compliance with paragraph 22 is sufficient). However, the Acceleration Notice demanded payment of the *accelerated* debt. *See Snow v. Wells Fargo Bank, N.A.*, 156 So. 3d 538, 541–42 (Fla. 3d DCA 2015) (differentiating between letter accelerating debt and letter providing notice of default, right to cure, and intention to accelerate if default is not cured). This is consistent with the testimony of Lender's witness, who conceded

4

the Acceleration Notice was an "acceleration letter" that was not intended to comply with paragraph 22.

Thus, Lender failed to substantially comply with paragraph 22 of the Mortgage because it did not provide Borrower with notice of default and an opportunity to cure *before* accelerating the debt to maturity. *See Dixon*, 207 So. 3d at 900 (finding bank failed to substantially comply with paragraph 22 where default letter stated acceleration had already occurred and failed to provide opportunity to cure default).

*B. Amount of Indebtedness*

To obtain a judgment of foreclosure, a lender must establish standing to foreclose, the borrower defaulted, proper acceleration of the debt to maturity, and the total amount of indebtedness. *See U.S. Bank N.A. v. Devoe*, 315 So. 3d 1232, 1234 (Fla. 5th DCA 2021) (citing *Liberty Home Equity Sols. Inc. v. Raulston*, 206 So. 3d 58, 60 (Fla. 4th DCA 2016)); *U.S. Bank N.A. v. Engle*, 311 So. 3d 197, 201 (Fla. 2d DCA 2020) (citing *Kelsey v. SunTrust Mortg., Inc.*, 131 So. 3d 825, 826 (Fla. 3d DCA 2014)). Generally, a lender establishes the borrower's indebtedness by authenticating and admitting its business records through a competent witness who confirms they accurately reflect the amount due. *Wolkoff v. Am. Home Mortg. Servicing, Inc.*, 153 So. 3d 280, 281–82 (Fla. 2d DCA 2014) (citing *Correa v. U.S. Bank N.A.*, 118 So. 3d 952, 955 (Fla. 2d DCA 2013)). The trial court's factual findings regarding indebtedness are reviewed for competent, substantial evidence. *Id.* at 283 (citing *Crawford Residences, LLC v. Banco Popular N. Am.*, 88 So. 3d 1017, 1019 (Fla. 2d DCA 2012)).

Here, Lender relied on the testimony and affidavit of Maynor, whose knowledge was based on a review of Lender's records, to establish Borrower's indebtedness. However, Lender failed to move the supporting financial records into evidence. *See Figueroa v. Fed. Nat'l Mortg. Ass'n*, 180 So. 3d 1110, 1115–16 (Fla. 5th DCA 2015) (applying *Wolkoff* in finding lender failed to establish indebtedness where business records were discussed in testimony but not admitted into evidence); *see also Adamson v. Main St. Oaks, LLC*, 320 So. 3d 226, 227 (Fla. 2d DCA 2021) (reversing foreclosure judgment where relevant payment history records

were not admitted into evidence); *Richard v. Asset Mgmt. W. 15, LLC*, 283 So. 3d 1282, 1283 (Fla. 2d DCA 2019) (explaining lender's employee's "affidavit, standing alone, could not establish the amount of [borrower's] indebtedness"); *Bowmar v. SunTrust Mortg., Inc.*, 188 So. 3d 986, 988–89 (Fla. 5th DCA 2016) (citing *66 Team, LLC v. JPMorgan Chase Bank N.A.*, 187 So. 3d 929, 930 n.2 (Fla. 3d DCA 2016)) (finding witness testimony regarding business records insufficient to establish entitlement to foreclose without admission of records into evidence).

Thus, Lender failed to establish Borrower's indebtedness with competent, substantial evidence. *See Figueroa*, 180 So. 3d at 1115–16; *cf. Richard*, 283 So. 3d at 1283 (reversing summary judgment of foreclosure where business records were not attached to indebtedness affidavit).

## Conclusion

Because the trial court erred in entering final judgment of foreclosure where Lender failed to send pre-acceleration notice and failed to establish the amount of indebtedness with competent, substantial evidence, we reverse and remand with instruction to enter an order of involuntary dismissal. *See Vitaliy v. Wells Fargo Bank, N.A.*, 253 So. 3d 779 (Fla. 5th DCA 2018) (remanding for entry of order of involuntary dismissal where lender failed to prove paragraph 22 compliance); *Figueroa*, 180 So. 3d at 1117 (remanding for entry of order of involuntary dismissal where indebtedness was not established by competent substantial evidence).

REVERSED and REMANDED with instructions.

EISNAUGLE and HARRIS, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---