# First District Court of Appeal
## State of Florida

_____

No. 1D2023-1028
_____

MANDIE ZIMMERMAN,

    Appellant,

    v.

FINANCIAL PORTFOLIOS II INC.,

    Appellee.

_____

On appeal from the County Court for Escambia.
Barry E. Dickson Jr., Judge.

January 2, 2025

PER CURIAM.

Mandie Zimmerman challenges the trial court's entry of summary final judgment against her for defaulting on repayment of an educational loan. Zimmerman's main argument on appeal is that reversal is required because Financial Portfolios II Inc. ("FPII") failed to produce sufficient evidence establishing its ownership of the note or how it obtained the note from the original lender. We agree and reverse.

The loan documents in the record (attached to the complaint and produced as exhibits in support of summary judgment) reflect that FPII was not the original holder of the note. Although there are some assignment documents in the record, none of them establish if or when the note was assigned by the original holder.

Because there is insufficient evidence in the record to establish FPII's right to enforce the note—such as the complete chain of title—we reverse the trial court's entry of summary judgment. *Lovette v. Nat'l Collegiate Student Loan Tr. 2004-1*, 149 So. 3d 735, 737 (Fla. 5th DCA 2014) ("Because there [was] no evidence in the record at the time of the hearing regarding how [the purported note holder] acquired the note, summary final judgment was improper."); *Hunter v. Aurora Loan Servs., LLC*, 137 So. 3d 570, 573 (Fla. 1st DCA 2014) (explaining that a foreclosure plaintiff must show it held or owned the note at the time the complaint was filed).

REVERSED and REMANDED.

OSTERHAUS, C.J., and BILBREY and NORDBY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Justin S. Hemlepp of Law Office of Justin Hemlepp, Ashland, Kentucky, for Appellant.

Robert J. Lindeman and Ralph Marcadis of Marcadis Singer P.A., Tampa, for Appellee.